BARKER *against* ELKINS AND SIMPSON.

Where a defendant, in an action at law, has not used due diligence in making his defence, or in applying to this court for a discovery, to assist his defence, at law, if necessary, he cannot, after a verdict against him, obtain the aid of this court to stay the proceedings at law, or to have a new trial.

THE plaintiff authorized *Michael Connellin*, at *New-Orleans*, to purchase and ship for him a certain quantity of flour and cotton, and to draw on him for payment. *Connellin*, in *March*, 1812, drew bills on the plaint.ff, in favour of *Elkins* at 60 days sight, which were accepted by the plaintiff, but, afterwards, protested for non-payment. *Elkins* claimed the amount as holder of the bills. On the return of the protested bills to *New-Orleans*, *Connellin*, who had the flour and cotton in his possession, assigned them over to the defendants, in trust, to pay the bills and other demands, &c. Part of the bills were, afterwards, paid by the plaintiff; and the flour and cotton so assigned were sufficient to pay the balance due. The defendants sold the flour and cotton without crediting the plaintiff with the proceeds ; and in *January*, 1813, brought an action at law on the bills against the plaintiff; and, in *April*, 1813, obtained a verdict against him for 5,606 dollars and 48 cents. Pending the suit at law, *Connellin* died insolvent. The plaintiff further charged, in his bill, that he had been deprived of the means of obtaining legal testimony to defend the suit at law ; and that the present defendants were insolvent. He prayed for a discovery and account, and an injunction to stay further proceedings on the verdict at law.

It appeared that an injunction had been moved for, on a former bill, for that purpose, a few days previous to the trial at law, and was denied ; and that, without dismissing

Vol. I.                    3 N

1815.

BARKER
v.
ELKINS.

the former bill, the present bill, with some slight amendments, was filed, and an injunction allowed by a master, on the plaintiff's bringing the amount of the verdict into court.

*Slosson*, for the defendants, now moved to dissolve the injunction, on the ground that the first bill had not been dismissed; that an injunction had once been denied; (3 *Atk.* 394.;) and that no sufficient equity was stated in the bill.

*Wells*, contra, offered to enter a rule *instanter*, for dismissing the former bill, with costs. The injunction on the first bill, he said, was denied, because the plaintiff did not sufficiently account for his delay, in not applying for it before, or until on the eve of the trial at law. He urged that, if the injunction was not retained, the plaintiff would be remediless, as the plaintiffs in the suit at law were insolvent.

THE CHANCELLOR. The plaintiff should have made his defence at law, by way of payment, or set-off; and he might, perhaps, have called for a discovery in aid of his defence at law. No reason is assigned why he did not call for a discovery, or prepare and defend himself in due season. He has not stated what were the obstacles to a defence at law. A defendant cannot come here for a new trial, when no special ground of fraud or surprise is suggested, and when he neglects, or omits due diligence, and without due excuse, to defend himself in his proper place. This is a fundamental doctrine in this court. (*Le Guen* v. *Gouverneur & Kemble*, 1 *Johns. Cas.* 436. *M'Vickar* v. *Wolcott*, 4 *Johns. Rep.* 510. *Lansing* v. *Eddy*, decided in this court, June, 1814.* *Smith & Mead* v. *Lowry*, October, 1814.† The principle has been so often declared, that it is useless to enlarge; and, without resting on minor

* *Ante*, p. 49.
† *Ante*, p. 320.

objections, the injunction cannot be retained on the merits of the case.

(a) See *De Lime* v. *Glassell*, 4 *H. & M.* 369. *Turpin* v. *Thomas*, 2 *H. & M.* 139. S. P.