CHARLES A. HAUSAUER and Another, Respondents, *v.* SARAH DAHLMAN and Others, Appellants.

72h 607
67 AD⁴ 57

*Lease — covenant for a renewal on notice — renewed term created by giving the notice — defense to a summary proceeding to dispossess for holding over.*

When a lease contains a covenant to the effect that on giving a specified notice the lease shall continue in force for an additional term, the giving of the notice by the lessee creates the new term without the execution of a new lease by the lessor, and will constitute a defense, in any court, to a proceeding instituted, during such new term, to dispossess the lessee as a tenant holding over after the expiration of his term.

In an action brought in the Supreme Court to obtain specific performance of an alleged agreement of the defendants to extend a lease which they had given to the plaintiffs, and an injunction restraining, in the meantime, the prosecution of proceedings which the defendants had instituted in the Municipal Court of Buffalo, to summarily remove the plaintiffs from the leased premises as tenants holding over after the expiration of their term, the complaint alleged that the defendants executed to the plaintiffs a lease for one year, which contained a covenant that the plaintiffs might, at their own option, renew the same for four years more at the same rent, on giving three months' notice of their intention to renew to the defendants, provided that the defendants, themselves, should obtain "an extension of their lease" under which they let to the plaintiffs. The complaint further alleged that the notice of intention to renew was duly given and accepted, and that the plaintiffs continued in possession after the expiration of the original term, paying the rent reserved, and that the defendants, before the expiration of the renewal term, had instituted proceedings in the Municipal Court of Buffalo to summarily dispossess the plaintiffs. An injunction *pendente lite*, restraining the prosecution of the summary proceedings, was granted.

*Held*, on appeal from an order denying a motion to vacate the injunction, that the effect of the notice was, of itself, to create the new term without the execu-

tion of a new lease, provided the defendants had procured an extension of their lease, within the meaning of the agreement, which was a fact which remained to be proved by the plaintiffs;

That this would constitute a complete defense to the summary proceedings to dispossess the plaintiffs, which might be litigated in any court in which the proceedings were taken;

That as the allegations of the complaint indicated a complete defense to the summary proceedings, of which, if pleaded there, the Municipal Court must take cognizance, equity would not interfere to supplant the jurisdiction of that court already acquired;

And, hence, that the injunction should be vacated.

The complaint contained no allegation that the defendants had procured an extension of their own lease, but it appeared that no objection was made to the injunction on that ground, and some proof was made in the defendants' motion papers that they had procured a new lease, though not on the terms and conditions of their former lease.

*Held*, that whether this was "an extension of their lease," within the meaning of their agreement with the plaintiffs, was, probably, a question to be tried between the parties.

APPEAL by the defendants, Sarah Dahlman and others, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of Erie county on the 5th day of May, 1893, denying the defendants' motion to vacate an injunction *pendente lite.*

*H. J. Swift,* for the appellants.

*A. Moot,* for the respondents.

DWIGHT, P. J.:

This action was brought to obtain specific performance of an alleged agreement of the defendants to extend a lease of premises on Main street in the city of Buffalo, which they had given the plaintiffs, for the term of one year from May 1, 1890, to cover a term of four years in addition thereto, and the injunction restrained the defendants, in the meantime, from prosecuting summary proceedings begun by them in the Municipal Court of Buffalo to remove the plaintiffs from the premises.

The complaint alleged the execution in writing and under seal, by the defendants, of the lease for one year, with the privilege to the plaintiffs, at their option, to renew the same for four years more at the same annual rent and on the same conditions, on giving notice,

three months beforehand, of their intention to do so, and provided that the defendants, themselves, should obtain an extension of their lease under which they let to the plaintiffs. The plaintiffs also allege that the defendants put them in possession of the premises on the 1st day of May, 1890, and that they have ever since continued in possession of the same "under said written lease and agreement," and that the plaintiffs have regularly paid and still pay the monthly rent (at the rate of $2,500 a year) reserved by the said lease, although since the commencement of the summary proceedings referred to, such rent has been paid under a stipulation that it shall not affect such proceedings; that such proceedings were commenced in November, 1892, under a claim that the plaintiffs are tenants at will or by sufferance, and that the plaintiffs have answered in such proceedings, denying that they are tenants at will or by sufferance, and denying other material allegations of the petition. The complaint also alleges that they did in due time give notice to the defendants that they did elect to renew the lease, as by its terms it was their privilege to do, for the further term of four years, and that one of the defendants, acting for and with the authority of the defendants, agreed to such renewal.

It is a curious fact that the complaint contains no allegation that the defendants had procured an extension of their own lease, but no objection seems to have been made to the injunction on that ground, and some proof was made in the moving papers of the defendants to the effect that they had procured a new lease, though not on the terms and conditions of their former lease; whether such is "an extension of their lease," within the meaning of their agreement with the plaintiffs, is, probably, a question to be tried between the parties.

The injunction was prayed for in the complaint on the ground that the affirmative defense to the summary proceedings above foreshadowed was an equitable one only, and one of which the plaintiffs could not avail themselves in the Municipal Court. The learned judge at Special Term held to the contrary, and was of opinion, as shown by a memorandum accompanying his decision, that, even under their general answer to the petition, the plaintiffs "could litigate the executory covenant to extend the lease four

years, in avoidance of the relief sought by that proceeding ; " but he denied the motion to dissolve the injunction on the ground that " the plaintiffs should be given the opportunity to have their right to occupy the demised premises for four years determined in such manner as will bar further proceedings on the part of the defendants to disturb them in the occupation of said premises, in the event that they are able to show that they are entitled to such extension." We go with the learned judge so far, at least, as to hold that the defense here indicated might have been, if it was not, and may still be, by an amendment to their answer in the summary proceedings, so stated as to constitute a complete defense to that proceeding which may be litigated in any court in which the proceeding is taken. Here was not a mere covenant on the part of the lessor to give a new lease on demand and on certain conditions, but a covenant that the lessees might, themselves, at their option, renew the lease for four years by giving the notice required, which notice was duly given and accepted by the defendants, and the plaintiffs continued in possession under such renewal, paying the rent reserved thereby down to the time of the commencement of the proceedings instituted to remove them summarily as tenants holding over after the expiration of their term. According to the allegations of the complaint, the plaintiffs had done all that was required to be done by either party to effect a renewal of the lease for four years, provided always that the defendants have procured an extension of their lease within the meaning of the agreement, which is a fact which remains to be proved by the plaintiffs. The covenant in this case is, we believe, equivalent to a covenant that on giving the required notice the lease should continue in force for the additional term, and in either case the effect of the notice is, of itself, to create the new term without the execution of a new lease by the lessor. (*Thiebaud* v. *Bank of Vevay*, 42 Ind. 212; *Dix* v. *Atkins*, 130 Mass. 171; *Ranlet* v. *Cook*, 44 N. H. 512.) In *Kelso* v. *Kelly* (1 Daly, 419), it was held that where the lease provided for a renewal at the option of the lessee, and there was no provision for notice, his holding over beyond the term was notice of his election to renew, and entitled him to hold the premises subject to the rent reserved by the original lease until the lessor performed his covenant by executing a new lease for the additional term.

It seems to us very clear that the allegations of the complaint in this action indicate a complete defense to the summary proceedings in question, of which, if pleaded there, the Municipal Court of Buffalo must take cognizance, and that equity will not interfere to supplant the jurisdiction of that court already acquired in the proceeding.

The order appealed from should be reversed and the motion to dissolve the injunction granted.

HAIGHT, J., concurred; LEWIS, J., not sitting.

Order appealed from reversed, with ten dollars costs and disbursements, and motion to vacate injunction granted.