(16 Misc. Rep. 461.)

## NOBLE v. McGURK.

(Supreme Court, Special Term, New York County. April, 1896.)

1. STATUTE OF FRAUDS—RULE IN EQUITY—PREVENTION OF FRAUD.
   Plaintiff was a tenant of premises about to be sold in partition proceedings, and was desirous of continuing business thereon. Before the sale defendant said that he wished to buy, and that, if plaintiff would agree not to bid, he would give him a five-years lease, to which plaintiff agreed. Plaintiff accordingly did not bid, and defendant purchased the premises, but refused to give plaintiff the lease. *Held,* that the agreement was not void under the statute of frauds, as plaintiff was induced by defendant's promise not to bid, and the agreement was therefore to be considered as perfected in equity.

2. CONTRACTS—PUBLIC POLICY.
   A party to an agreement that the other shall not bid at a partition sale of land cannot, after receiving the benefit of the agreement, by becoming the purchaser at such sale, object that the agreement was against public policy.

Action by William Noble against John H. McGurk to enjoin defendant from maintaining any summary proceeding to eject plaintiff from premises of which he was a tenant. Plaintiff moves for an injunction pendente lite. Granted.

Wahle & Stone, for the motion.

George Hahn, opposed.

LAWRENCE, J. This is an application for an injunction to restrain the defendant from beginning and carrying on any summary proceedings to eject the plaintiff from the premises 248 West Broadway, in the city of New York, on the ground that his term has expired by reason of its limitation, or that the defendant elects to terminate the plaintiff's tenancy, in said premises. It appears that since the commencement of this action such summary proceedings have been commenced by the defendant, in the First district court, to dispossess the plaintiff. The plaintiff's claim is that he had been located and in the business of a box manufacturer, at 248 West Broadway, for the past 2½ years. He alleges that while there he has built up a business in the immediate vicinity among dry-goods dealers, and that his place of business is generally known to his customers. Prior to January 7, 1896, the said premises were advertised for sale in partition. Plaintiff alleges that on the 7th day of January, 1896, the defendant, McGurk, called upon him, and stated that he had been informed that the plaintiff intended to purchase the premises, but that he (McGurk) was anxious to purchase the same; that he understood that all that plaintiff desired was to protect his right to remain at 248 West Broadway, and there continue business. He further stated to the plaintiff, as the plaintiff alleges, that, if the plaintiff would agree with him (McGurk) to let him solely bid upon the premises, he would give him a five years' lease at $50 per month. Pursuant to that arrangement, as plaintiff alleges, he did not bid at the sale. The defendant did purchase the premises, and has refused to give the lease, although the lease was tendered to him. The plaintiff further shows that he paid $1,650 for the business; that he has

gone to great expense in establishing and continuing it, and, in anticipation of remaining there for five years, has made arrangements of a business character; that owing to the peculiar nature of the business of manufacturing wooden boxes, for the storing of which much room is required, this place, 248 West Broadway, has peculiar facilities, and the plaintiff was anxious and desirous to continue his business thereat. The statement contained in the plaintiff's complaint and affidavits is denied by the defendant, but I am not prepared to say that the denial is so thorough and complete as to require me to deny this motion upon that ground.

It is, of course, well settled that a court of equity will not interfere with dispossessory proceedings in a district or justice's court, unless some peculiar equities exist, which cannot be decided upon and disposed of by a court of inferior jurisdiction so as properly to adjust the rights of the parties. See Crawford v. Kastner, 26 Hun, 440; Graham v. James, 7 Rob. (N. Y.) 468; Becker v. Church, 115 N. Y. 562; 22 N. E. 748. In the latter case it was held that a court of equity has jurisdiction of an action to perpetually restrain summary proceedings pending before a county judge, which have been instituted by the defendant, to remove the plaintiff from certain premises upon averments and proof that defendant was not the owner of the premises; that the plaintiff was induced to sign the lease by fraud on the part of the defendant,—and this although the county judge might have had jurisdiction to try the question of fraud in summary proceedings. In Crawford v. Kastner it appeared that the plaintiff claimed that he was entitled to a renewed or extended lease, and it was held that, as the justice before whom the dispossessory proceedings had been brought was not vested with any power in equity, he could not pass upon the question as to whether the plaintiff was entitled to an extension of the lease, and the injunction should be granted.

It is claimed on behalf of the defendant that, conceding the agreement to have been made as alleged by the plaintiff, it was void by the statute of frauds, and therefore could not be subject to equitable cognizance. The cases of Insurance Co. v. Holloday, 13 Abb. N. C. 16, 25, and Newman v. Nellis, 97 N. Y. 285, seem to answer this position. Those cases hold, in substance, that if one of the contracting parties induces the other, so to act that, if the contract be abandoned, he cannot be restored to his former position, the contract must be considered as perfected in equity, and a refusal to complete it is in the nature of a fraud. See, also, Ryan v. Dox, 34 N. Y. 307. Defendant also contends that the agreement not to bid at the partition sale was an agreement against public policy, and therefore void. The recent case of Paper Co. v. Hobbs, 90 Hun, 288, 35 N. Y. Supp. 932, is an authority against the position of the defendant in that respect. It was there held that a person who is a party to an instrument by which, for a valuable consideration, he has agreed not to enter into a certain branch of business anywhere in the United States, except in a certain state, cannot, while he retains the fruits of the contract, allege as a defense to an action brought to restrain him from violating the agreement that the instrument was part of a corrupt and

wicked conspiracy against the law and public policy of the state. In this case McGurk, if plaintiff's story is true, secured a better position by reason of the alleged parol agreement; and it is too late for him now, having obtained the benefit of the agreement, to repudiate it on the ground that it is against public policy. Enough is shown to warrant the issuing of an injunction until the cause can be tried, and it follows, therefore, that the plaintiff's motion for that purpose should be granted.

Motion granted.