(22 Misc. Rep. 94.)

### BOGAN v. WRIGHT et al.

(Supreme Court, Appellate Term. December 27, 1897.)

1. CONTRACT WITH ATTORNEY—CONSTRUCTION.
    An agreement by an owner of land to pay to an attorney for services, in connection with a proposed lease thereof, 10 per cent. of the rentals received, binds him to make such payment not only for the original term, but also for a renewal term taken by the lessee under an option contained in the lease, such a renewal being a mere extension of the original term.

2. APPEAL—REVIEW.
    On an appeal from the general term of the city court the appellate term of the supreme court cannot consider the weight of evidence, but is confined to a consideration of the exceptions taken during the trial.

Appeal from city court of New York, general term.

Action by Thomas Bogan against Moses G. Wright and others. From a judgment of the general term affirming a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Black & Kneeland, for appellants.

Frank Thorn, for respondent.

McADAM, J. The legislature enacted a law for the construction of a new bridge over the Harlem river at Third avenue. The act (Laws 1892, c. 413) contained a provision authorizing the commis-

sioner of public works, with the approval of the board of estimate and apportionment, to lease sufficient lands on one or both sides of the Harlem river, for the term of three years or more, for the purpose of a temporary bridge during the period of the construction of the new one. The defendants owned property on both sides of the river, and they employed the law firm of Gumbleton & Hottenroth, the plaintiff's assignors, to represent them before the public officials having authority in the matter for the purpose of arranging for the amount of rental and other terms of a lease. At the time of the retainer it was agreed that the assignors were to receive for their services 10 per cent. of all rentals received from the city by the defendants. A lease to the municipality was made through the agency of the assignors for the term of three years from June 19, 1893, at $13,000 per year, payable monthly, "with the privilege of two renewals, of one year each, upon the same terms and conditions," etc. Gumbleton & Hottenroth thereafter presented their bill for $3,900, being 10 per cent. on the three-years rental, which the defendants paid. The percentage was to have been paid monthly as the rent was collected by the lessors, but, in consideration of a discount for payment in a lump sum, the defendants adjusted the demand in three payments. The lease expired July 1, 1896, and the municipal authorities, under the option of renewal contained in the lease, elected to and did take a renewal thereof for the term of 1 year 2 months and 11 days from June 19, 1896. The complaint alleges that under such renewal the defendants have collected $1,083.33 rent for the month of July, 1896, and that under the arrangement with Gumbleton & Hottenroth the law firm became entitled to 10 per cent. thereof, to wit, $108.33; and the action is by the plaintiff, as assignee of said demand, to recover the same.

The question is whether the right to the 10 per cent. terminated with the three years of the original lease or extended to the renewals authorized by it. The renewal was not an independent leasing by the defendants, and nothing more or less than a continuation of the former term, the city having exercised the option of continuing it conferred by the original demise. Chretien v. Doney, 1 N. Y. 419; House v. Burr, 24 Barb. 526; Woodcock v. Roberts, 66 Barb. 498; Crawford v. Kastner, 26 Hun, 440; Kelso v. Kelly, 1 Daly, 419; Hausauer v. Dahlman (Sup.) 25 N. Y. Supp. 277; Kramer v. Cook, 73 Mass. 550; Delashman v. Berry, 20 Mich. 292; Orton v. Noonan, 27 Wis. 272; Noonan v. Orton, Id. 300; Ranlet v. Cook, 44 N. H. 512; Dix v. Atkins, 130 Mass. 171; Long v. Stafford, 103 N. Y. 274, 8 N. E. 522; Kearney v. Railway Co., 129 N. Y. 76, 29 N. E. 70; Witmark v. Railroad Co., 149 N. Y. 393, 44 N. E. 78. The defendants contend that when they settled the bill of $3,900 all claim of the assignors was satisfied and discharged. This did not necessarily follow. If the understanding was, as the assignors testify, that the 10 per cent. was to apply to all rentals received from the city on the transaction, then it was to continue while the transaction continued, and this is what the jury, on conflicting evidence, found the contract to be. On appeals from the city court we cannot consider the weight of evidence. All we can do is to consider the exceptions taken dur-

ing the trial (Rowe v. Comley, 11 Daly, 317; Briscoe v. Litt, 19 Misc. Rep. 5, 8, 42 N. Y. Supp. 908); and the only one of these which requires comment is that taken to the refusal to dismiss the complaint. This exception was not put upon the ground that the plaintiff had failed to prove an agreement covering the period beyond the three years, but on the assumption that there was no distinctive renewal of the lease, the continuation being under a newly-executed writing. There was no merit in this point, for the exercise of the option by the city made the original contract with the city a continuous one to the expiration of the renewal, whether evidenced by the original lease or by any other writing given to effectuate the transaction. The defendants plead "that the alleged agreement set forth in the complaint was not to be performed within a year from the time of the making thereof, and was not in writing." The agreement on the part of the plaintiff's assignors might by its terms be performed within one year from the time it was made, and was by them fully performed within that time, and the defendants within that period were put in a position to receive every benefit the assignors' services could confer. Browne, St. Frauds, § 286; Blanding v. Sargent, 33 N. H. 239; Sheehy v. Adarene, 41 Vt. 541; Rogers v. Brightman, 10 Wis. 68. It was probably for this reason that no ruling upon the applicability of the statute was called from or made by the court below, and consequently no exception taken to enable us to review the question, which must be regarded as waived. No motion to dismiss was made at the close of the entire case, and no request for the direction of a verdict, and the case was disposed of by the jury as one involving simply a conflict of evidence.

We find no error that we have power to review, and the judgment must be affirmed, with costs. All concur.