(67 App. Div. 53.)

## WOODS v. GARCEWICH.

(Supreme Court, Appellate Division, First Department. December 13, 1901.)

MUNICIPAL COURTS—SUMMARY PROCEEDINGS—JURISDICTION—RES JUDICATA.

Under Code Civ. Proc. § 2244, providing the answer in summary pro-
ceedings may set forth any new matter constituting a legal or equitable
defense, a municipal court, not of record, in a summary action for the
removal of a party from certain premises, had jurisdiction to pass on
the validity of the lease on a defense of fraud by the party sought to be
removed, and its judgment was res judicata in proceedings to enjoin a
judgment for the party's removal.

Ingraham and Patterson, JJ., dissenting.

Appeal from special term, New York county.

Bill by James W. Woods against Henrietta Garcewich. From an
order granting an injunction, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

William J. Barr, for appellant.

Stanley W. Dexter, for respondent.

LAUGHLIN, J. This is a suit in equity to have an assignment of
a lease by defendant's husband to her declared null and void, on the
ground of fraud and illegality, and to perpetually enjoin the execu-
tion of a warrant issued upon a final order in a summary proceeding
instituted in the municipal court of New York by the appellant, as
petitioner, for the removal of the respondent from premises No.
45 Whitehall street, in the borough of Manhattan. The lease in
question was executed by Isaac Seckle, the owner of the premises,
to Robert Garcewich, for the term of five years from the 1st day
of January, 1897. It was thereafter assigned to Morris Garcewich,
appellant's husband, who entered into possession thereunder, and
conducted thereon a men's furnishing business, and it is the conten-
tion of the plaintiff that he continued to occupy the premises until
about the 27th day of July, 1901; but that is controverted. On the
11th day of July, 1901, three creditors of Morris Garcewich peti-
tioned the United States district court for the Southern district of
New York, praying that he be adjudicated a bankrupt, and his con-
sent thereto was filed therewith. The court on that day duly appoint-
ed a receiver of the property, assets, and effects of said Garcewich,
and on the 20th day of the same month Garcewich was duly adjudged
a bankrupt. The respondent also claims that the receiver took pos-
session of the store and lease, and that thereafter and on the 27th
day of July, pursuant to an order of the court, he sold to respondent
the business, stock, and fixtures and all his right, title, and interest
in the lease and good will of the store, for the sum of $3,200, where-
upon plaintiff paid said sum to the receiver, and received from him a
bill of sale of the assets, including said lease, and an assignment
thereof, and that thereupon the receiver delivered to the respondent
the keys and possession of the store. Subsequently, and on the
9th day of August, appellant demanded possession of the store from
the respondent, claiming to be entitled thereto by virtue of a written

assignment of the lease made by her husband to her on the 9th day of July, 1901. It is alleged in the complaint, and the allegation is supported by affidavits, that this assignment of the lease from the bankrupt to his wife was made with full knowledge on the part of both of his insolvency, and with intent to hinder, delay, and defraud his creditors. On the 12th of August last, the summary proceeding was instituted, and by the petition it appeared that appellant based her right to possession upon said assignment of the lease to her. The respondent appeared and interposed an answer, setting up the invalidity of the assignment of the lease upon the same grounds upon which it is attacked in the complaint herein. The issues thus raised by the petition and answer were tried in the municipal court on the 19th day of August, 1901. Conflicting affidavits are presented with reference to what took place upon the trial,—it being claimed on the part of the appellant that the respondent was permitted to offer any evidence to establish her legal or equitable defense, but that her counsel confined his claim to the invalidity of the assignment, on account of the bankruptcy of the appellant's husband; and it being claimed on the part of the respondent that the judge unreasonably declined to grant him an adjournment, and refused to hear evidence that the assignment to the petitioner was fraudulently made. The issues were decided, however, and a final order was made therein by the court on the 26th day of August, 1901, directing that a warrant immediately issue in favor of the petitioner; and thereupon this action was commenced, and a temporary injunction order granted, which, on the return of the order to show cause, was continued pendente lite.

The question presented by this appeal is whether, on these facts, the execution of the final order made by the municipal court in the summary proceeding may be enjoined; and it resolves itself into the question as to whether the judgment of the municipal court is a bar to this action. Manifestly, the municipal court, being an inferior court not of record, could not grant affirmative equitable relief or cancel the assignment of the lease for any reason. It does not follow, however, that that court did not have jurisdiction to take evidence and decide, for the purpose of sustaining the respondent's defense, that the assignment of the lease to the appellant by her husband was fraudulent and void, and that, therefore, the petitioner had no title upon which she could maintain the proceeding. Formerly the answer in a summary proceeding was confined to a denial of the allegations of the petition; but in 1893 the legislature amended section 2244 of the Code of Civil Procedure by providing that the answer might set forth "a statement of any new matter constituting a legal or equitable defense or counterclaim," and that "such defence or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action." It may be that it was not competent for the legislature to vest these inferior courts with power to pass upon equitable defenses of every nature. Fraud, however, is a legal defense as well as an equitable defense, and we think the municipal court had jurisdiction to pass upon the validity of the assignment of the lease, and to dis-

miss the petition if the evidence showed that the assignment had been made fraudulently or illegally; and, although there is no binding precedent on the construction of this amendment, the trend of the decisions that have been made are in accordance with these views. Rodgers v. Earle, 5 Misc. Rep. 164, 24 N. Y. Supp. 913; Wulff v. Cilento, 28 Misc. Rep. 551, 59 N. Y. Supp. 525; In re Hattersly v. Cronyn, 22 Misc. Rep. 259, 49 N. Y. Supp. 1113. The respondent interposed it as a defense and hazarded the result before coming to this court for relief. Under the former practice and now, inasmuch as the municipal court could not give full relief, the respondent might at the outset, or, perhaps, at any time before the final order was made, have brought a suit in equity for a cancellation of the lease, upon the ground that the assignment to the appellant was illegal and fraudulent, and might in such suit have obtained an injunction order restraining the prosecution of the summary proceeding. The court of equity would then have granted complete relief, and, if the plaintiff succeeded, the summary proceeding would be perpetually enjoined. Younger v. Duffie, 26 Hun, 442; Becker v. Church, 115 N. Y. 562, 22 N. E. 748; Potter v. Potter, 59 App. Div. 140, 69 N. Y. Supp. 183; Hotel Co. v. Brennan, 64 Hun, 607, 19 N. Y. Supp. 276; Noble v. McGurk, 16 Misc. Rep. 461, 39 N. Y. Supp. 921; Rodgers v. Earle, 5 Misc. Rep. 164, 24 N. Y. Supp. 913; Boyd v. Boyd, 26 Misc. Rep. 679, 56 N. Y. Supp. 760. But when this suit was commenced, the final order had been made, and it is pleaded as a bar and defense herein. Here the respondent not only could have availed himself of this defense in the municipal court, and have protected his right by appeal, but he could have come into equity before judgment went against him. In such cases courts of equity do not grant relief. Pom. Eq. Jur. §§ 1361, 1365, 1370; Barker v. Elkins, 1 Johns. Ch. 465; Smith v. Lowry, 1 Johns. Ch. 321; Lansing v. Eddy, 1 Johns. Ch. 49. We think that the final order established the petitioner's right to possession as against the respondent, which depended upon the validity of the assignment to her, and it is res adjudicata, and may not be reviewed collaterally. Reich v. Cochrane, 151 N. Y. 122, 46 N. E. 1151; Jarvis v. Driggs, 69 N. Y. 143; Brown v. Mayor, etc., of City of New York, 66 N. Y. 385; Quinn v. Quinn, 46 App. Div. 241, 61 N. Y. Supp. 684; Wetterer v. Soubirous, 22 Misc. Rep. 739, 49 N. Y. Supp. 1043; Sage v. Crosby, 33 Misc. Rep. 117, 67 N. Y. Supp. 139; Hausauer v. Dahlman, 72 Hun, 607, 25 N. Y. Supp. 277.

It follows from these views that the injunction order was improperly granted, and it should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

VAN BRUNT, P. J., and HATCH, J., concur.

INGRAHAM, J. (dissenting). I do not think that the municipal court had any jurisdiction to pass upon the question upon which the plaintiff seeks to set aside the assignment of the lease to the defendant by her husband. Until that assignment was actually set aside, there was no defense to the summary proceedings before the muni-

·cipal court; and, as that court had no jurisdiction to pass upon that question, its determination was not an adjudication binding upon the plaintiff. The municipal court has no equitable powers, and any attempt of the legislature to confer upon it equitable jurisdiction would be prohibited by the constitution. I think this was clearly a case in which the supreme court would have jurisdiction to set aside the assignment of the lease, and, pending its determination, to restrain the defendant from proceeding to enforce the warrant obtained in the proceeding to dispossess the plaintiff.

I think therefore the order should be affirmed.

PATTERSON, J., concurs.