GREIMEL v. O'CONOR.

(Supreme Court, Special Term, New York County. April 9, 1909.)

INJUNCTION (§ 118*)—SUMMARY PROCEEDINGS—ORAL CONTRACT TO LEASE—SPE-
CIFIC PERFORMANCE—COMPLAINT.

A complaint for an injunction restraining defendant from bringing sum-
mary proceedings to oust plaintiff from certain premises on the expiration
of his lease, alleging a prior oral agreement to grant plaintiff a new lease
for two years at the expiration of the existing one at a specified rental,
which defendant thereafter repudiated, stated a cause of action, though
the promise was unenforceable under the statute of frauds (Real Prop-
erty Law [Laws 1896, pp. 592, 602, c. 547] §§ 207, 224).

. [Ed. Note.—For other cases, see Injunction, Dec. Dig. § 118.*]

Suit by Frank Greimel against John C. O'Conor. On application
for a preliminary injunction. Application granted.

Determination modified and affirmed by the Appellate Division, 117
N. Y. Supp. 629.

See, also, 118 N. Y. Supp. 1053.

Louis Boehm, for plaintiff.
John C. O'Conor, for defendant.

HENDRICK, J. Plaintiff moves for an injunction restraining de-
fendant, as owner of the premises in question, from bringing summary
proceedings to oust plaintiff on the expiration of his lease on May 1,
1909. In the complaint plaintiff alleges that on July 1, 1908, defendant
gave him an oral promise to lease him the premises for two years from
May 1, 1909, at a rental of $100 per month, which he now declines to do.
That allegation alone is a meager basis for specific performance. The
promise is void by statute. Real Property Law (Laws 1896, pp. 592,
602, c. 547) §§ 207, 224.

The complaint alleges that, before plaintiff bought the saloon fix-
tures from a third party, he was informed by one Bowler, who was
defendant's agent, that plaintiff could have a two years' lease, and
that, relying upon Bowler's promise of a lease, he had expended $600
in refitting the saloon, and has established a profitable business. There
are cases in which a court of equity has found a way around the stat-
ute of frauds and enforced a promise to execute a lease. Such ex-
ercise of equity power is generally connected with a valuable consid-
eration moving to the landlord, and the court's action is designed to
prevent the perpetration of a fraud on the lessee. The basis of the
jurisdiction thus invoked is the prevention of a fraud by the landlord
upon the lessee. In the moving papers the allegations from which
fraud may be inferred are not conclusive, but out of deference to prec-
edent the injunction may issue. Noble v. McGurk, 16 Misc. Rep.
461, 39 N. Y. Supp. 921; Woods v. Garcewich, 67 App. Div. 56, 73
N. Y. Supp. 472.

Motion granted.