SIMON v. SCHMITT.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. CONSTITUTIONAL LAW (§ 48*)—CONSTRUCTION IN FAVOR OF VALIDITY.

A statute subject to two constructions, one of which will render it invalid and the other valid, must be so construed as to render it valid.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. § 48;* Statutes, Cent. Dig. § 56.]

2. COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—SUIT IN EQUITY.

Under Const. art. 6, § 18, prohibiting the Legislature from conferring on an inferior or local court of its creation any equity jurisdiction, and Code Civ. Proc. § 2244, providing that the answer in summary proceedings may set forth a statement of any new matter constituting a legal or equitable defense or counterclaim, the Municipal Court of the city of New York cannot in summary proceedings determine the right of the tenant to specific performance of a contract, for the adjudication of such right is the exercise of equitable jurisdiction, though a formal decree directing specific performance is not entered.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

3. LANDLORD AND TENANT (§ 298*)—SUMMARY PROCEEDINGS—ISSUES.

The question of the existence of the relation of landlord and tenant may be tried in summary proceedings, and it may be shown that an instrument in form a lease was intended as a mortgage, and was usurious.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 298.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. LANDLORD AND TENANT (§ 298*)—SUMMARY PROCEEDINGS—ISSUES.

A tenant charged in summary proceedings with nonpayment of rent may show by any defense or counterclaim under Code Civ. Proc. § 2244, that no rent is due; the determination of such a question not necessarily involving the exercise of equity jurisdiction.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 298.*]

5. LANDLORD AND TENANT (§ 83*)—LEASE—AGREEMENT FOR RENEWAL—CONSTRUCTION—NEW LEASE.

A lease for a specified term, ending May 1, 1909, stipulating that if on January 1, 1909, there should be erected buildings on the premises, the parties should within 10 days after January 1st appoint appraisers to appraise the property, and that within 10 days after the receipt of the appraisal the landlord should execute a lease for a future term, reserving rent on the appraised value, did not stipulate for the renewal of an existing lease, but for a new lease, and, unless the tenant obtained a new lease, his possession of the premises after the expiration of the original term made him a mere holdover.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 83.*]

6. LANDLORD AND TENANT (§ 299*)—SUMMARY PROCEEDINGS—REMEDY OF TENANT.

A tenant entitled to a new lease on the expiration of the original term must on the refusal of the landlord to give it sue in equity for relief, and, where he sues in equity, he should procure a stay of summary proceedings against him until the determination of the suit.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 299.*]

Appeal from Appellate Term.

Action by Kathinka M. Simon against Ignatz Schmitt. From a determination of the Appellate Term affirming a final order of the Municipal Court (118 N. Y. Supp. 326) in favor of defendant in summary proceedings, plaintiff appeals. Reversed, and new trial ordered.

See, also, 120 N. Y. Supp. 1146.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Alexander Thain, for appellant.
Uriah W. Tompkins, for respondent.

MILLER, J. On the 28th of April, 1888, the petitioner's father leased to the respondent the premises 2007 First avenue, in the city of New York, for the term of 21 years, ending May 1, 1909, by an instrument in writing, containing the following clause:

"And it is further mutually covenanted and agreed by and between the parties to these presents for themselves and their respective representatives that, in case there shall on the first day of January next preceding the expiration of the term hereinbefore granted be standing on the front or rear of the lot hereby demised one or more well-finished brick houses of not less than two stories in height and covering the whole front of said lot on First (1st) avenue, then and in such case the said party of the first part or his representatives and the said party of the second part or his representatives shall and will within ten days after the said first day of January, respectively, appoint one disinterested person, and the two so appointed shall within ten days after their appointment select a third like disinterested person, and the three so selected and appointed or any two of them shall before the first day of February next preceding the determina-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion of the term hereinbefore granted appraise under oath the value of the said lot at its cash value, and return the said appraisement to the said party of the first part or his representatives, and the said party of the first part or his representatives shall within ten days after the said appraisal shall be received granted to the said party of the second part or his representatives a lease of the said lot for the further term of twenty-one years next ensuing after the determination of the term hereinbefore granted, reserving an annual rent payable quarter yearly of five per centum per annum upon the appraised value of the said lot, and the said annual rent, however, not to be less than the annual rent of present lease hereinbefore above reserved, which renewed lease shall be in all respects similar to the lease above contained; that is to say, as to the last eleven years of said within lease."

The lessor died prior to the termination of the lease. The petitioner is his sole heir. On the 1st of January, 1909, there was a building on the lot of the kind described in said covenant. It is undisputed that the respondent did not within 10 days after the 1st day of January, 1909, appoint an appraiser, and that he did not communicate with the petitioner on the subject prior to the 28th day of January, 1909. On the 6th day of April, 1909, the respondent began an action in the Supreme Court against the petitioner to compel specific performance of the covenant above quoted. After the expiration of the term provided for by the lease, this proceeding was instituted to remove the respondent on the ground that he was holding over after the expiration of his term without the permission of the landlord. As a defense, the respondent claimed to be entitled to specific performance of the said covenant for a new lease, and the final order of the Municipal Court provides that the respondent is "entitled to the appointment of appraisers as provided for in the said lease, mentioned in the petition, and to a renewal of the lease if he accepts the result of the appraisal," and that he is entitled to retain possession until specific performance shall be decreed.

It is a somewhat startling proposition that the Municipal Court can adjudicate a party's right to specific performance of a contract. If the Municipal Court had jurisdiction to pass upon the equitable defense interposed in this case, its judgment even without the provision above quoted would be conclusive, and the court, having jurisdiction to decree specific performance, would have to direct the entry of a decree upon proof of the judgment. It is true that section 2244 of the Code of Civil Procedure provides that the answer to a petition in summary proceedings may set forth "a statement of any new matter constituting a legal or equitable defense, or counterclaim." But that section must be read in connection with article 6, § 18, Const., which provides:

"The Legislature shall not hereafter confer upon an inferior or local court of its creation, any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon county courts by or under this article."

It is said that the trial of the questions of fact and law upon which the right to specific performance depends, and the adjudication of such right, is not the exercise of equitable jurisdiction so long as a formal decree, directing specific performance, is not entered. The constitutional inhibition has reference to substance, not mere form. It was not intended that the Supreme Court should be an arm of the Munici-

pal Court to direct the entry of decrees upon its adjudication. If the construction of section 2244 contended for be adopted, I think that it is plainly unconstitutional. For that reason, we should seek a construction in harmony with the constitutional provision. It is unnecessary now to define precisely what defenses or counterclaims may be interposed to a petition in summary proceedings. It is sufficient on this appeal to hold that the Municipal Court cannot determine the right of a party to a specific performance of a contract. No doubt the question whether the relation of landlord and tenant exists may be tried in a summary proceeding, and so it may be shown that an instrument in form a lease was intended as a mortgage, and was usurious. Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607. And see People ex rel. Ainslee v. Howlett, 76 N. Y. 574. Defending against a void instrument and seeking affirmative equitable relief are very different. Natkins v. Wetterer, 76 App. Div. 93, 78 N. Y. Supp. 713, illustrates the kind of defenses or counterclaims which may be interposed pursuant to said section 2244. When charged with the nonpayment of rent, the tenant may doubtless show by any defense or counterclaim that no rent is due, because the determination of such a question does not necessarily involve the exercise of equity jurisdiction.

This is not a case where the giving of notice or the exercise of an option ipso facto extends the lease. Hausauer v. Dahlman, 72 Hun, 607, 25 N. Y. Supp. 277. The covenant here was not for a renewal of the existing lease, but for a new lease upon different terms to be given under specified conditions; i. e., the existence on the premises of a building of the kind described, and the appointment within 10 days after the 1st of January, 1909, of appraisers to appraise the value of the lot as a basis for determining the new rental.

It is unnecessary now to determine whether the tenant would have been entitled to remain in possession if he had within the time specified appointed an appraiser and thereby exercised his option. It will be observed that there is no provision in the lease binding the tenant to accept a new lease. It has been said that in case of a covenant for a new lease the tenant is entitled to remain in possession, subject to the rent reserved by the original lease until the covenant to accept the new lease is performed. Kelso v. Kelly, 1 Daly, 419–424. The question really involved in that case was whether a court of equity could compel specific performance of a covenant for a new lease, where the amount of rent was to be determined by arbitration. In that case the covenant for a renewal did not specify how the option to renew should be manifested, and it was held that by continuing in possession the tenant signified her intention to avail herself of the covenant for renewal, and that thereupon it became binding upon both. The cases cited in the opinion in that case did not really decide the question. Holsman v. Abrams, 2 Duer, 435, was an action for use and occupation. In Van Rennsselaer's Heirs v. Pennimen, 6 Wend. 570, the covenant of the tenant was to yield up possession on the payment of what the buildings and improvements, erected by the tenant, shall be valued at by appraisers. A prior lease had provided for such payment, but

not as a condition of the surrender of possession. It was held that under the first lease the tenant was not entitled to retain possession until paid for his improvements, but that under the second lease, he was.

It is also unnecessary to decide whether the failure of the respondent to appoint an appraiser within the time specified in the covenant would defeat an action for specific performance. Unless the respondent have a new lease, he is a holdover. In order to become a tenant under a new agreement, he must have the aid of a court of equity. He has in fact brought his action for equitable relief, and he should have procured a stay of the summary proceedings until the trial and determination of that action. Were an action in ejectment brought, he could no doubt interpose an equitable counterclaim for specific performance. Code Civ. Proc. § 507. The court would have jurisdiction of both causes of action. However, he would not be bound to interpose such a defense or counterclaim, but could undoubtedly bring his action in equity and procure a stay of the action at law.

Whatever the respondent's equitable rights may be, in law he is holding over after the expiration of his term. If this order be sustained, he becomes a tenant without a lease, and that, too, without having exercised his option to take a new lease within the time specified in the original contract.

The determination appealed from and the order of the Municipal Court should be reversed, and a new trial ordered, with costs in this court and in the courts below to the appellant to abide the event.

INGRAHAM, P. J., and McLAUGHLIN and DOWLING, JJ., concur.

LAUGHLIN, J. I concur in the result solely on the ground that the tenant by failing to appoint an appraiser within the time specified lost his right to possession, unless relieved from his default by a court of equity.