SAMUEL BLUMENFELD, Respondent, *v.* MAX ARONSON and
LENA BERNSTEIN, Appellants.

First Department, April 8, 1921.

**Landlord and tenant — enforcement in Supreme Court of specific
performance of contract to lease property in city of New York —
injunction as incidental provisional remedy — deposit on old
lease cannot be deemed part performance of alleged new lease —
when tenant is duly notified that new lease will not be executed
at old rental — Statute of Frauds complete defense.**

A suit by a lessee to enforce specific performance of an alleged executory
contract for a lease of property in the city of New York is properly brought
in the Supreme Court, and in such case injunctive power, when invoked,
is an appropriate provisional remedy incident to the action itself.

A deposit made on an old lease cannot be treated as a part performance
of an alleged new lease, where the old lease had not expired, and the
landlord was not bound to return the deposit until the expiration of
the lease which was subsequent to the date when an action to enforce
the specific performance of a contract for a new lease was instituted.

Where the plaintiff had held under successive leases two places owned
by the defendant, and several months prior to the expiration of the leases
defendant's janitor and rent collector filled out two leases for the same
rental, procured plaintiff's signature and forwarded the leases to the
landlord who did not sign them, but five months before the expiration
of the leases sent plaintiff a registered letter stating that rent would
be at a higher rate and that plaintiff thereby was given the first choice,
plaintiff was duly notified that the leases would not be renewed, and
he is not entitled to specific enforcement of the contract to lease.

Under the circumstances the Statute of Frauds is a complete defense to
plaintiff's claim.

APPEAL by the defendants, Max Aronson and another,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York
on the 8th day of July, 1920, on the decision of the court
rendered after a trial at the New York Special Term directing
the defendants to execute and deliver to plaintiff a lease in the
form of " Exhibit A " annexed to the judgment, and enjoining
defendants from interfering with plaintiff's possession of
the premises in question until the lease is signed, and from
commencing or prosecuting any action or proceeding for
the recovery of said premises.

First Department, April, 1921. [Vol. 196

*I. Maurice Wormser* of counsel [*I. Gainsburg,* attorney], for the appellants.

*John Bogart,* for the respondent.

GREENBAUM, J.:

The plaintiff was a lessee under successive leases in continuous possession since 1911 of the corner store in the premises known as 62–64 Forsythe street and 119 Hester street, Manhattan. In the latter part of September, 1919, one Kleinburg, who was then the janitor and rent collector of the premises, negotiated with plaintiff for a new lease to commence upon the expiration of the term of the existing lease, which was April 30, 1920. It appears that Kleinburg himself prepared two copies of a proposed new lease for the term of five years at the yearly rental of $3,240 and procured plaintiff's signature to them; that he assured the plaintiff that the leases would be all right and that one of them would be returned to him as soon as the landlords signed the two copies. Plaintiff testified that in October, 1919, when he met defendant Aronson at the premises, he spoke to him about the leases and that Aronson told him he had forgotten to bring them along, but that he would mail them to him. Aronson denied that he made such a statement and testified that he regarded the signing of the leases by plaintiff as a proposal and that he wanted $325 per month or a total of $3,900 per annum but that plaintiff was not willing to pay that rental.

Accepting as we should the plaintiff's version of the conversations to which he testified, the undisputed additional facts are that defendant did not send him a lease as promised and that on November nineteenth he received a registered letter, sent in behalf of the defendants in which he was told: " If you wish to have a renewal of your lease on the corner store, we herewith beg to notify you that the rent of same will be $325 per month. We are sending you this registered letter, in order that you should not complain that we did not give you first preference on it. We have an offer from another party, but being that you are an old tenant we wish to give you the preference. Will kindly ask you to answer yes or no at once by return of mail."

Plaintiff did not reply to this letter and he admitted upon

the trial that he knew in December that defendants would not enter into a lease upon the terms which he desired. It, therefore, is the fact that for at least five months before the expiration of plaintiff's term he knew that the defendants would not lease to him the premises upon his terms.

On April thirtieth, the last day of the term, defendants were served with an order to show cause in this action, enjoining them from commencing or prosecuting any proceeding to recover the possession of the premises.

The learned trial justice found as matter of fact that the plaintiff relied upon the statements and representations made to him by defendants that the leases would be executed by them and that plaintiff need not worry because of his failure to receive the leases, and further found that " in reliance thereon made no efforts to negotiate further with the defendants herein or to seek suitable quarters for his business elsewhere and the defendants are estopped from asserting in truth and in fact that they had not signed and executed the leases."

The appellants contend (a) that the court should not have entertained jurisdiction upon the facts presented since the tenant could assert his equitable defense in the Municipal Court if and when the landlord brought summary proceedings to dispossess him; (b) that the Statute of Frauds (Real Prop. Law, §§ 242, 259) is a complete defense to plaintiff's claim since nothing was done by the plaintiff to take the case out of the operation of the statute; and (c) that plaintiff was not and could not have been lulled into security or beguiled into making no efforts to seek suitable quarters elsewhere.

As to the first point it suffices to say that this action was in form properly brought to enforce specific performance of an alleged executory contract for a lease and that the injunctive power invoked was an appropriate provisional remedy incident to the action itself. (*Shea* v. *Keeney*, 155 App. Div. 628; *Pittsburg Amusement Co.* v. *Ferguson*, 100 id. 453; *Steiner* v. *Hellman*, 7 id. 248; *Covert* v. *Brinkerhoff*, 41 Misc. Rep. 230; *Simon* v. *Schmitt*, 137 App. Div. 625.)

It seems to us, however, that the Statute of Frauds is a complete defense to plaintiff's claim. (Real Prop. Law, §§ 242, 259.)

There was no written contract of lease subscribed by the defendants or by their lawfully authorized agent as required by statute, nor was there any part performance of the alleged agreement to lease.

Plaintiff calls attention to the fact that the defendants had a deposit on the lease expiring on April thirtieth and that the deposit may be treated as a part performance. But the deposit applied exclusively to the former lease and the defendants were not obliged to return it before May first, before which date this action was commenced.

As to the plea that plaintiff was "lulled to sleep" by defendants' assurances that he had a good lease for five years and had nothing to worry about, and that, therefore, he made no attempts to secure a store elsewhere there is not a scintilla of evidence to sustain it.

Plaintiff testified that he was told by defendants a few days after he had signed the leases that one of them would be returned signed by defendants, but that it was not returned to him. He, therefore, had knowledge within a few days after he had signed the leases that although one of them was to be returned signed by defendants, it was not returned to him, and that defendants did not keep their alleged promise. He also admitted that he received the registered letter written in behalf of defendants on November nineteenth, upwards of five months before the expiration of the term of his then existing lease in which he was apprised that defendants would only renew the lease upon the basis of a monthly rental of $325. It also appears that he knew of the efforts of the defendants to lease the premises to others. There was thus a complete absence of any proof which would indicate that he relied upon defendants ultimately signing the lease.

He had ample time within which to lease elsewhere. The cases relied upon by plaintiff do not apply. In *Roskam-Scott Co.* v. *Thomas* (175 App. Div. 84) the owner of property wrote a letter to her agent, with whom she had directed the tenant to negotiate, and stated in detail in this letter the terms upon which she was willing to renew the lease; and this court held in an opinion written by Mr. Justice SMITH that this was a sufficient memorandum in writing to satisfy the Statute of Frauds. There is absolutely no note or memoran-

dum of any kind signed by the landlord or any agent of theirs in the instant case.

In *Roedmann* v. *Hertel* (78 Misc. Rep. 55) it appeared that the day after an unsigned lease was given to the party, he paid a deposit and received a receipt reciting a five-year lease, and then entered into possession and made permanent improvements which cost a considerable amount of money. The court held under these circumstances that there was evidence to show part performance and a sufficient compliance with the statute to justify specific performance of the agreement.

This case is also to be distinguished from *Jones* v. *Vail* (N. Y. L. J. Nov. 6, 1919) which relied upon *Greimel* v. *O'Connor* (119 N. Y. Supp. 660; mod. & affd., 133 App. Div. 887). In the last-mentioned case the tenant purchased a liquor store and went into possession thereof and made substantial improvements thereon relying upon the landlord's promise of renewal, thus showing part performance.

In *Jones* v. *Vail* (*supra*) a motion was made at Special Term for an injunction *pendente lite*. The memorandum filed states that the plaintiff " abandoned his plans to locate elsewhere, remained in possession and paid the rent reserved " and that the court relied upon part performance in holding that the case was not within the statute, citing section 270 of the Real Property Law which reserves the " powers of courts of equity to compel the specific performance of agreements in case of part performance."

If defendants promised to give plaintiff a lease for five years upon terms orally agreed upon, the failure to live up to his oral promise while morally indefensible, would not amount to a fraud in law or equity, to afford plaintiff relief. (*Levy* v. *Brush*, 45 N. Y. 589, 597.)

Courts will not permit the Statute of Frauds to be used as an instrument of fraud, and specific performance will be decreed where it appears that as part of a fraudulent scheme one is deprived of a valuable right or property, as exemplified in *Ryan* v. *Dox* (34 N. Y. 307) and in the cases described in the opinion in *Wheeler* v. *Reynolds* (66 N. Y. 227, 234).

But there is no proof of fraud in the instant case. Indeed, the facts in this case are peculiarly such as would impel a

court of equity to uphold the Statute of Frauds and take no notice of an alleged agreement resting upon oral evidence. (*Wheeler* v. *Reynolds*, *supra*, 232.)

The 10th and 11th findings of fact as well as the 1st and 2d conclusions of law embodied in the decision of the trial court are hereby reversed and the proposed findings of fact submitted by the defendant numbered 7-a, 9, 10, 11 and 13, which were refused by the learned trial justice as well as 1, 2, 3, 5 and 6, proposed conclusions of law, which the trial court refused to find, are hereby found.

The judgment is reversed and the complaint dismissed, with costs.

Clarke, P. J., Laughlin, Smith and Page, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.  Settle order on notice.