## SUPREME COURT.

DANIEL E. SICKLES, respondent, agt. THE MANHATTAN GAS-LIGHT COMPANY, appellant.

*Gas companies — When injunction to restrain company from removing meter for non-payment of bill will be granted.*

When a dispute arises between a gas company and a consumer, the latter is entitled to have his rights investigated by the courts, and in such case an injunction will be granted to prevent the cutting off of the supply of gas until the cause can be tried (*Affirming S. C.,* 64 *How.,* 33).

*First Department, General Term, October,* 1882.

APPEAL from an order of the special term denying defendant's motion to dissolve a temporary injunction and continuing the same during the pendency of the action.

*H. H. Anderson,* for appellant.

*John Graham,* for respondent.

DWIGHT, J. — I think this order should be affirmed on the grounds and for the reasons so well stated in the opinion of the learned judge at special term. That statement, I think, fully justifies the exercise of the discretion of the court to con-

Sickles agt. Manhattan Gas-Light Company.

tinue the injunction till the trial of the issue of fact joined in the action. It may, however, be added to the very impartial statement of facts contained in the opinion below that the proof of an overcharge for gas is not confined, as urged by counsel for the appellant, to inference from a comparison of the amounts charged to the plaintiff during different periods of his occupancy of the apartments; on the contrary, the affidavit of Sweeney, on the part of the defendants, shows that the plaintiff was charged with 100 feet of gas as registered by the meter between March seventeenth and April eighteenth a portion of the time covered by the plaintiff's absence from the country, and during which period, as the undisputed evidence shows, the apartments were closed and the gas was turned off between the meter and the main. Whether this registering was due to a fault in the meter, to an imperfection in the cutoff or to surreptitious use of gas by some person in the absence of the plaintiff, or whether the indication of the meter was erroneously read or recorded by the "indexer" may be the subject of inquiry on the trial of the action. The amount of the overcharge is very small, but since the defendants' right to cut off the plaintiff's gas is given by statute, and depends upon the sole condition of the plaintiff's refusal to pay for gas actually consumed, the amount of the overcharge, if one be clearly established, is immaterial to the inquiry.

I am in favor of affirming the order upon the opinion of justice LAWRENCE at special term.

DAVIS, P. J., and BRADY, J., concur.