WILLIAM H. DOUGLAS and FRANCIS M. SUTTON, Appellants, *v.* CHESEBROUGH BUILDING COMPANY and ROBERT A. CHESEBROUGH, Respondents.

*Landlord and tenant — summary proceedings — a breach of covenant by the landlord is not a defense — the damages caused thereby may be offset.*

When a landlord institutes summary proceedings against a tenant who refuses, while still remaining in occupation of the demised premises, to pay the rent reserved in the lease, upon the ground that the landlord has failed to perform covenants in the lease, by which he agreed to make certain improvements in the demised premises, and pending the trial of the proceedings the tenant begins an action to compel the specific performance of the covenants in question, he is not entitled to an injunction restraining the landlord from prosecuting the summary proceedings during the pendency of the action for specific performance.

The tenant's remedy in such a case is to wait until called upon to pay the rent, and then to offset the damages sustained by him from the breach of the covenants against the rent due.

*Semble,* that the landlord's breach of the covenants in the lease was not a defense to the summary proceedings.

APPEAL by the plaintiffs, William H. Douglas and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of November, 1900, denying their motion to continue an injunction *pendente lite.*

*Edmund L. Mooney,* for the appellants.

*William C. Cammann,* for the respondents.

McLAUGHLIN, J.:

On the 13th of April, 1900, the defendant Robert A. Chesebrough leased to the plaintiffs for a term of one year from May 1, 1900, certain rooms in a building in the city of New York at an annual rental of $4,200, payable monthly. One of the covenants of the lease was to the effect that the lessor would build "a passageway between the north and south corner offices, over the court, which will be lighted and heated," and would also put "basins in offices having sewer and vent connections, if required by tenant."

The plaintiffs went into possession of the rooms and paid the rent

for the months of May and June. Thereafter, they refused to pay the rent on the ground that the lessor had not complied with the covenant in the lease by constructing the passageway referred to between the north and south corner offices. Proceedings were thereupon instituted in the Municipal Court by the defendant, the Chesebrough Building Company (which, after the making of the lease, purchased the property and took an assignment of the lease) to remove the plaintiffs for non-payment of rent. In that proceeding the plaintiffs filed an answer admitting the making of the lease, the occupation of the rooms and the non-payment of the rent, and alleged as a defense the failure of the landlord to build the passageway referred to, for which damages had been sustained to the extent of $1,200. When the trial was about to be had, the plaintiffs commenced this action against the defendants for a specific performance of the agreement to build the passageway, and asking, pending the determination of that question, that the defendants be enjoined from proceeding in the Municipal Court. An injunction was granted pending an order to show cause why the same should not be continued during the pendency of this action, but which, on the return of the order, was vacated, and the plaintiffs have appealed.

We are of the opinion that the order was properly vacated. The plaintiffs rented the rooms and agreed to pay a stipulated rent. They entered into and have since continued in possession of such rooms, and refuse to pay the rent, seeking to justify their refusal on the ground that there has been a breach of the covenants in the lease. A breach of a covenant on the part of a lessor is not a legal excuse for the non-payment of rent. If a landlord fails to keep his part of the agreement, then a tenant can recover such damages as he may show he is entitled to, and when called upon to pay the rent may, as a defense, set up a breach of the lease and offset the damages which he has sustained against the rent due. But this does not give him the right to maintain an action in equity to compel the landlord to specifically perform, and, during the pendency of the action, enjoin him from collecting *any* rent. This would be inequitable, inasmuch as it would permit the tenant to use the leased premises without paying for them. (*Duigan* v. *Hogan*, 1 Bosw. 645; *Valloton* v. *Seignett*, 2 Abb. Pr. 121; *People ex rel. Ward* v. *Kelsey*, 14 id. 372.) A tenant, when called upon to pay rent, must

do one of two things; he must either pay the rent due or else restore possession of the premises to the landlord. He cannot keep both the rent and the possession.

The order appealed from must be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.