(59 App. Div. 140.)

## POTTER v. POTTER.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. EJECTMENT—INJUNCTION—UNLAWFUL DETAINER—LANDLORD AND TENANT—EQUITY.

Under Code Civ. Proc. § 2265, providing that an injunction to stay summary proceedings to recover land shall not be granted except where an injunction would be granted to stay the proceedings in an action of ejectment brought by the petitioner, the court, in its discretion, may grant such an injunction in an action where plaintiff alleges that she and defendant are partners in, and life tenants of, the property, and prays an accounting, since there may be equities between the parties beyond the mere determination of the question of landlord and tenant.

2. SAME—UNDERTAKING.

Under Code Civ. Proc. § 620, providing that, where special provision is not otherwise made for the security to be given on an injunction order, the party applying therefor must give an undertaking to secure defendant, with sureties, as the court may direct, an injunction restraining summary proceedings for land should not be granted without such undertaking.

Appeal from special term, Kings county.

Action by Mary Potter against Israel Potter. From an order grant-
ing an injunction pendente lite against all proceedings on the part
of defendant in summary proceedings to recover possession of real
property, defendant appeals. Modified.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-
BERG, JENKS, and SEWELL, JJ.

William T. McCoun, Jr., for appellant.
Allan M. Stoddart, for respondent.

JENKS, J. This is an appeal from an order granting an injunc-
tion pendente lite, restraining the defendant from interference with
the realty named in the complaint, and particularly from instituting,
maintaining, or continuing any summary proceedings to evict or to
dispossess the plaintiff from possession thereof, and enjoining and
restraining a certain justice of the peace of Oyster Bay, county of
Nassau, from continuing or taking any further action in summary
proceedings pending before him, wherein the defendant herein is
plaintiff and landlord, and the plaintiff herein is defendant and ten-
ant. Plaintiff complains that under a certain executed agreement
she is in possession of the premises as tenant for life with the de-
fendant, and demands judgment that her interest be fixed and de-
termined; that the defendant be restrained from interference with
her estate, and, if necessary, that a receiver be appointed, and that
an account be taken and stated between the parties as to the said
agreement, upon the ground that the parties were partners as to the
possession of the premises; and for such other relief as may be just.
Section 2265 of the Code of Civil Procedure provides that such an
injunction shall not be granted except in a case where an injunction
would be granted to stay the proceedings in an action of ejectment
brought by the petitioner, and upon the like terms. While the
amendment of section 2244 of the Code of Civil Procedure, made in
1893, permitted the defendant in summary proceedings to set forth
a statement of any new matter constituting a legal or equitable de-
fense or counterclaim, and the establishment thereof as if the claim
for rent in such proceedings was the subject of an action, has made
many of the decisions rendered prior thereto of no force as precedents,
still there are undoubtedly cases where the propriety of the exercise
of such power is plain. McAdam, Landl. & Ten. (3d Ed.) 1426, and
cases cited. Proceedings in an action of ejectment, which is made
the test (section 2265, Code Civ. Proc.), will not be enjoined where
the question involved can be determined at law, or where the ground
relied upon in the injunction would be available in the defense thereof
(Chadwick v. Spargur, 1 Civ. Proc. R. 433; High, Inj. § 325). In
Siemon v. Schurck, 29 N. Y. 598, 614, the court recognized the pro-
priety of the institution of a suit to restrain an action of ejectment,
although it was sufficiently plain that the plaintiff might have de-
fended the ejectment suit under the equitable title claimed by her,
on the ground that she desired and obtained more comprehensive
relief than she could obtain in that suit. In Quinn v. Quinn, 46
App. Div. 241, 242, 61 N. Y. Supp. 684, we said that the question

to be determined in summary proceedings must always be whether the relation of landlord and tenant exists, and whether the landlord or tenant has the present right of possession. I think that there is enough shown in the plaintiff's case to warrant the learned special term, in the exercise of its discretion, to grant this injunction; and that the order may be affirmed, inasmuch as there may possibly be equities between the respective parties beyond the mere determination of the question of landlord and tenant, and the right of possession under that relationship. Of course, I express no opinion whatever upon the merits of any controversy between the parties. While the order may be upheld on the ground of a fair exercise of discretion, it is, I think, defective, in that no undertaking is required. Section 2265 requires that such order shall be granted upon the like terms that attach to an injunction order in ejectment. I find no express provision in the Code that defines those terms, but I think that section 620 is applicable. Gilman v. Prentice, 11 Civ. Proc. R. 310; Chadwick v. Spargur, supra, note on page 436 et seq. See, too, Hotel Co. v. Brennan, 64 Hun, 607, 613, et seq., 19 N. Y. Supp. 276.

The order of the special term is reversed, with $10 costs and disbursements, unless the plaintiff apply to the special term within 10 days, upon notice to the defendant, to determine and to fix upon a proper undertaking, and unless the plaintiff, within 10 days after the determination of the special term, comply with any order that may be made by the special term in the premises, in which event the order is affirmed, without costs of this appeal to either party. All concur.