(41 Misc. Rep. 662.)

WEBER v. ROGERS et al.

(Supreme Court, Special Term, Oneida County. November, 1903.)

1. INJUNCTION—SUMMARY PROCEEDINGS—REMEDY AT LAW.
   Summary proceedings by a landlord before a justice of the peace to dispossess defendant on the ground that his term had expired will not be enjoined where the tenant denies such expiration, and insists that the lease has been renewed, as such question may be raised by the tenant on the trial.

2. SAME—WHEN GRANTED.
   Where plaintiff sues to restrain summary proceedings on the ground that his term had not expired, but that the lease had been renewed, and it appears by the complaint and affidavits that plaintiff's life would be endangered by his removal from the premises, further prosecution of the proceedings pending the suit to enjoin will be restrained.

Action by Henry F. Weber against Henry F. Rogers and William H. Egleton. Motion by defendants to vacate preliminary injunction restraining the prosecution of summary proceedings to recover possession of real estate. Motion denied.

Charles S. Mereness, for motion.
Henry H. Ryel, opposed.

ROGERS, J. The complaint and affidavits on which the injunction was granted show that the plaintiff is a tenant of the defendant Rogers of a house and lot situate in the village of Lowville. It is alleged that the original leasing was for one year, the term expiring March 1, 1903; that there was then a holding over and a continuation, so that the same was renewed for another year. The landlord, denying that the lease was so renewed, caused summary proceedings to be instituted by and before the defendant Egleton, who is a justice of the peace of the town of Lowville. It also appears that the plaintiff is in ill health, and that his removal from said house would endanger his life. There is no allegation of irregularity or fraud in the proceedings, nor want of jurisdiction in the justice; the plaintiff basing his right of action wholly upon the grounds that the term has not yet expired, and that the serious illness of the plaintiff, with the danger attendant upon his removal from the house pursuant to the mandate of the court, call for the interposition of a court of equity.

The statute provides that proceedings under and pursuant to such petition cannot be stayed or suspended by any court or judge, except:

"(1) By an order made, or an undertaking filed, upon an appeal, in a case and in the manner specially prescribed for that purpose in this title. (2) By an injunction order, granted in the action against the petitioner. Such an injunction shall not be granted before the final order in the special proceeding, except in a case where an injunction would be granted to stay the proceedings, in an action of ejectment, brought by the petitioner, and upon the like terms; or after the final order, except in a case where an injunction would be granted to stay the execution of the final judgment in such an action, and upon the like terms." Code Civ. Proc. § 2265.

On the return of the precept in a summary proceeding, the person to whom it is addressed may file with the justice who issued it a written answer denying any material allegation of the petition, or setting forth a statement of any new matter constituting a legal or equitable defense or counterclaim. Id. § 2244. This gives the plaintiff an opportunity to litigate the question of the extension of his term for another year. Presumably, the justice will determine the question correctly; and, if it shall be decided in the plaintiff's favor, the proceeding to dispossess will be at an end. If, however, the plaintiff shall be dissatisfied with the determination of the justice, he may review it by appeal. This cannot be done nor can the action of the justice be forestalled by injunction, the remedy at law being perfect. Jessurun v. Mackie, 24 Hun, 624–627; Chadwick v. Spargur, 1 Civ. Proc. 422; Rapp v. Williams, 4 Thomp. & C. 174; Bliss v. Murray (Sup.) 7 N. Y. Supp. 917; Douglas v. Cheesebrough Building Co., 56 App. Div. 403, 67 N. Y. Supp. 755. The authorities cited clearly dispose of the first ground on which the plaintiff seeks relief.

Upon the second ground—plaintiff's illness—may the injunction be continued? The plaintiff's counsel contends that it will be inequitable to imperil his client's life by the prosecution of a proceeding which might result in a mandate for his removal. No authority precisely in point is cited by him sustaining the contention. To justify the granting of a preliminary injunction, the plaintiff's rights must be certain as to the law and the facts (Noonan v. Grace, 49 N. Y. Super. Ct. 116), though novelty is not an insuperable objection to the main-

tenance of an action (Bennett v. Bennett, 116 N. Y. 585, 23 N. E. 17, 6 L. R. A. 553). Where there are equities that cannot be protected by being interposed as a defense to an action of ejectment or a summary proceeding, the court will give relief by injunction. Siemon v. Schurck, 29 N. Y. 598, 613; Jackson v. Stiles, 3 Wend. 429; Knox v. McDonald, 25 Hun, 268; Potter v. Potter, 59 App. Div. 140, 69 N. Y. Supp. 183. Involuntary illness has been held to be the "act of God," to the extent that a holding over of a tenant, and consequent inability to remove at the expiration of his term by means thereof, do not constitute a renewal of the lease. Herter v. Mullen, 159 N. Y. 28, 53 N. E. 700, 44 L. R. A. 703, 70 Am. St. Rep. 517; 52 App. Div. 325, 65 N. Y. Supp. 279. In the case at bar it is not probable that the plaintiff's illness could be pleaded as and constitute a defense to the summary proceedings. Par. Contr. (5th Ed.) 672. He must therefore be permitted to avail himself of the remedy now invoked, or be subject to the peril of death. This remedy he cannot have unless this is an action of which equity will take cognizance. What is or is not equitable is not always easy to determine. No longer is "Equity a roguish thing," dependent upon the "conscience" of the judge who holds the court, but it must be ascertained from the principles contained in the decided cases. Pom. Eq. Jur. § 58 et seq. The cases in which injunctions have been granted are numerous and varied. Among them are actions to prevent vexatious litigation and multiplicity of suits (High, Inj. § 12; Third Avenue R. Co. v. Mayor, 54 N. Y. 159); a continuing trespass (High, Inj. § 1187; Wright v. Syracuse, B. & N. Y. R. Co., 49 Hun, 445, 3 N. Y. Supp. 480); the enforcement of Sunday laws against performance of servile labor (Manhattan Ironworks Co. v. French, 12 Abb. N. C. 446); cutting off gas from plaintiff's house pending settlement of dispute between himself and the gas company (Sickles v. Manhattan Gaslight Co., 66 How. Prac. 304); interfering with abutting owner's easement of light in a public street (Story v. New York El. R. Co., 90 N. Y. 122, 43 Am. Rep. 146); taking possession of a beach appurtenant to plaintiff's hotel, and necessary for its successful operation, pursuant to a lease alleged to be invalid (Mulry v. Norton, 100 N. Y. 424, 3 N. E. 581, 53 Am. Rep. 206); and carrying on trades offensive to the senses or detrimental to health (Beach, Inj. § 1102 et seq.). See, also, Becker v. Church, 115 N. Y. 562, 22 N. E. 748; Rogers v. Earl (Super. N. Y.) 24 N. Y. Supp. 913; Landon v. Supervisors, 24 Hun, 76.

In the case last cited it is said in the opinion:

"Now, it is undoubtedly true, as urged with great force by defendant's counsel, that these matters present, if the plaintiff is correct, nothing but a legal defense to the summary proceedings; that if the plaintiff has no lease for a year from May 1, 1880, he has no rights whatever; if he has such a lease, that will prevent a summary removal. And this argument would be conclusive if there were nothing involved here but the lease of the land. But that is not the case. The plaintiff has buildings on the lot alleged to be worth $1,200. These are his, but he must remove them while his possession remains. Under the belief that by the alleged resolution of the supervisors, and by his payment of the fifty dollars, he had obtained a right to remain in possession until May 1, 1881, he has allowed the buildings to continue upon the premises. If by summary proceedings he should be removed, he would

lose these buildings, and might not recover them even on a reversal of the order of removal. If it should appear on the trial that the resolution supposed to have been passed had not been passed in fact, and if it should further appear that the fifty dollars must be applied on the rent for the year ending May 1, 1880, still it would not be equitable that the plaintiff, having acted in good faith, should lose the buildings which belong to him. And we do not see how he could be protected in that respect under the summary proceedings."

An examination of the cases cited will disclose that many of them are for the protection of inconsiderable property rights, while others guard the menaced health and comfort of the complaining parties. Why not life as well? "Is not the life more than meat, and the body than raiment?" I conclude, therefore, that the relief asked is equitable, the plaintiff has a right to invoke the protection of the court, that jurisdiction should be entertained, and the temporary injunction continued.

Motion denied, with $10 costs.