(51 Misc. 609)

### HENNING v. SAVAGE.

(Supreme Court, Appellate Term. November 14, 1906.)

1. LANDLORD AND TENANT—RENT—RIGHTS AND LIABILITIES—FAILURE OF LANDLORD TO REPAIR.

A landlord's agreement at the time of making a lease to put the premises in repair, and his failure to do so, is no bar to an action for rent, if the lessee has nevertheless taken possession.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 782, 783.]

2. SAME—EVICTION.

Though the tenant surrendered to the landlord, and the surrender was accepted, and the surrender and acceptance occurred after facts constituting a constructive eviction, it was no defense to an action for rent for the time during which the tenant occupied the premises.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 765, 766.]

Appeal from City Court of New York, Trial Term.

Action by James W. Henning against Anna Josephine Savage. From a judgment in favor of plaintiff, from an order denying a new trial, from an order denying a motion to set aside the verdict, and from an order denying a motion to strike out a defense and dismiss a counterclaim, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Alexander, Watriss & Polk, for appellant.

Franklin Bartlett, for respondent.

DOWLING, J. This action is brought to recover rent of premises let to the defendant by a written lease for a term of three years at the annual rental of $2,500, payable monthly in advance. Plaintiff claimed for the rent from August 1 to December 1, 1904, inclusive. The defendant in her answer admits the making of the lease and nonpayment of the rent claimed, but sets up as a defense that "at the time of the making of the instrument of lease" the plaintiff agreed to make certain repairs (enumerating them at length); that plaintiff failed to make such repairs; that for that reason the premises became untenantable; that defendant was forced thereby to vacate the premises and surrender the same to the landlord, which surrender was accepted by him; and by way of counterclaim sets up a claim for damages to furniture and for money expended in making repairs. As to such counterclaim only the sum of $10.10 was proven. The facts in the

case are substantially undisputed. The defendant took possession of the premises on July 9, 1904, paying that month's rent, and remained in occupancy until October 1, 1904. The lease was introduced in evidence, and contains a covenant to the effect that the tenant shall keep said premises in repair at her own cost and expense, including all repairs required to the plumbing work. Attached to the lease is a slip headed, "List of Repairs Wanted at 135 West 44th St." Then follows a statement of several improvements in the way of painting and papering and plumbing. The plaintiff conceded upon the trial that the repairs enumerated on this list were agreed to be done by him.

Over the objections made and exceptions taken to such testimony, the defendant was allowed to prove that when she took possession of the premises they were in an unsanitary and unhealthy condition; that unhealthy and noxious odors pervaded the house; that the plumbing was old, worn, and defective; that the closets were filthy and not properly trapped; that the drainage was defective; and that owing to this situation she was compelled to vacate the premises. The right of the defendant to introduce parol testimony as to the making of an independent parol agreement, collateral to the lease, regarding the necessary repairs to be made upon the premises, need not now be determined. The plaintiff concedes such an agreement to make repairs was made prior to or at the time the lease was made, but urges that the landlord's failure to put the premises in repair is no bar to an action for rent, if the lessee has nevertheless taken possession. In this position the authorities support him. Harger v. Edmonds, 4 Barb. 256. A breach of a covenant on the part of a lessor is not a legal excuse for the nonpayment of rent. Douglas v. Cheeseborough Bldg. Co., 56 App. Div. 403, 67 N. Y. Supp. 755. The defendant's claim that there was a surrender by her and acceptance by the landlord in October is no defense in an action for the rent for the months during which she occupied the premises, and the same is true if the facts shown constituted an eviction. Stein v. Rice, 23 Misc. Rep. 348, 51 N. Y. Supp. 320. The judgment for the defendant must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.