### In re HAMMOND.

(Supreme Court, Appellate Division, First Department. May 15, 1908.)

INSANE PERSONS—INQUISITION—VACATING FINDING—COSTS.

Where a person was tried and adjudged to be a lunatic by a sheriff's jury, without an opportunity to present a defense, on setting aside the verdict and ordering another hearing with an opportunity to the alleged incompetent to make his defense, to which he was entitled as an absolute right, the Special Term had no power to grant a summary order requiring the incompetent, as a condition thereof, to pay the person instituting the inquiry the whole or any part of the expenses incurred therein.

Appeal from Special Term.

Petition by Thomas F. Hammond to have James B. Hammond adjudged an incompetent. From an order fixing the amount to be allowed petitioner for his costs and expenses in the proceeding, respondent appeals. Reversed, and motion denied.

See 106 N. Y. Supp. 285.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles W. Coleman, for appellant.

John Holden, for respondent.

INGRAHAM, J. The Court at Special Term has ordered that "James Bartlett Hammond, respondent herein, pay to John Holden, attorney for Thomas F. Hammond, petitioner herein," as petitioner's taxable costs and disbursements, the sum of $5,466.95. I know of no authority that the Special Term has to make such an order. It seems that the petitioner, Thomas F. Hammond, commenced this proceeding to have his brother James Bartlett Hammond adjudged an incompetent, and on his application a commission was appointed, the question of the appellant's competency to be determined by a sheriff's jury. When that proceeding came on for disposition, an application was made on behalf of the alleged incompetent for an adjournment, which it is conceded should have been granted, but which the commissioners refused, and the proceedings before the sheriff's jury continued, the alleged incompetent not being represented, which resulted in a verdict of the jury that the said James Bartlett Hammond was a lunatic without lucid intervals. An application was thereupon made at Special Term to open what was called the default which was taken against the alleged incompetent, to set aside the verdict of the jury, and that the commission should reconvene and offer the alleged incompetent a reasonable opportunity to present his defense herein. That motion was granted, and it was ordered that the default be opened, the verdict of the jury set aside, and that the commission reconvene with a new jury, and inquire into the matters more particularly set forth in the order, so as to afford said incompetent a reasonable opportunity to present his defense; but this was upon the condition that:

"All the costs and expenses in these proceedings to date shall be paid by respondent [the alleged incompetent] and be a charge against his estate."

I do not think the court had any power to impose such a condition. The alleged incompetent was before the court for the purpose of having it determined whether or not he was competent to manage his property and to care for himself. There was no litigation in the ordinary sense of that term between parties in which it was proper that when a default had been taken the court should enforce as a condition for opening it, that the party in default should pay the expenses of the opposing party. If this alleged incompetent had a right to be heard before his property was to be taken from him, that right should not have been conditioned upon the payment of a sum of money. It seems to me it was an abuse of the discretion of the court, under such circumstances, to impose upon a person brought before the court in such a proceeding the payment of a sum of money as a condition for his having an opportunity to be heard upon an application which would involve the taking away from him by the court of all control over his property and his liberty. It may be that, if it had been determined that the

alleged incompetent was in fact unable to manage his personal property, all the expenses, including the expenses of the hearing which had been set aside, would have been a charge against the estate; but, it having been determined upon the rehearing that the proceeding was not justified, the court then had no power by summary order to require him to pay to the petitioner the whole or any part of the expenses incurred by the petitioner in endeavoring to obtain an adjudication that the alleged incompetent should be deprived of his property and liberty. I do not at all consider the action of the court in allowing this alleged incompetent to defend himself before the sheriff's jury as a favor upon the granting of which the court could impose terms. He had an absolute right to such a hearing, and the action of the commissioners in refusing to accord him such right was a violation of their duty, and the court, upon its attention being called to the existing conditions, should have seen to it that the alleged incompetent had an opportunity of presenting his defense. The alleged incompetent thus having an absolute right to present his defense, the imposition of the payment of this sum of money by the original order, which was called an opening of the default, was unauthorized, and the court was also without authority to grant a summary order requiring the alleged incompetent to pay any sum of money to the petitioner or his attorney.

I think the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.