(61 Misc. Rep. 45.)

### MONTANT v. MOORE et al.

(Supreme Court, Special Term, New York County. October 12, 1908.)

1. LANDLORD AND TENANT (§ 298*)—DISPOSSESS PROCEEDINGS—EQUITABLE DEFENSES.

> Under Code Civ. Proc. § 2244, authorizing equitable defenses to dispossess proceedings, a tenant may plead her right to a renewal of the lease on a proceeding against her for holding over.

> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1276; Dec. Dig. § 298.*]

2. LANDLORD AND TENANT (§ 83*)—LEASE—RENEWAL—CONDITIONS—WAIVER.

> A landlord who has customarily accepted rent a few days overdue without objection cannot deny the tenant a renewal for nonpayment of rent due at the expiration of the lease, where the tenant, on being notified five days thereafter that she had lost her right, immediately paid up; she being entitled to relief on the ground of surprise.

> [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 83.*]

3. LANDLORD AND TENANT (§ 299*)—DISPOSSESS PROCEEDINGS—WHEN PROPER.

> Under Code Civ. Proc. § 2265, a proceeding to dispossess can be enjoined if the court could in like circumstances enjoin ejectment.

> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1281; Dec. Dig. § 299.*]

4. LANDLORD AND TENANT (§ 299*)—DISPOSSESS PROCEEDINGS—PROPRIETY.

> A proceeding to dispossess a tenant will be enjoined pending suit by the tenant to specifically perform the landlord's covenant to renew on the tenant offering security.

> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1281; Dec. Dig. § 299.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Eliza C. B. Montant against Casimir De R. Moore and another. Motion for injunction granted.

Thomas W. Butts (Ralph Stout, of counsel), for the motion.
Shepard, Smith & Harkness, opposed.

GIEGERICH, J. This is an action for specific performance of a covenant for renewal contained in a lease and for an injunction against the prosecution of a summary proceeding; and the present motion is for an injunction pendente lite restraining the prosecution of such proceeding until the determination of this action.

A summary proceeding has been brought in the Municipal Court to dispossess the plaintiff from the premises in question on the ground that she is holding over after the expiration of her term. In that proceeding she has set up the equitable defense that she is entitled to a renewal of her lease. Under the statute governing dispossess proceedings in the Municipal Court, as it now stands, such a defense can be entertained. Code Civ. Proc. § 2244. The statute also prescribes the conditions under which such proceedings can be stayed before a final order by an injunction order in an action; section 2265 directing that "such an injunction shall not be granted before the final order in the summary proceeding, except in a case where an injunction would be granted to stay the proceedings in an action of ejectment brought by the petitioner and upon like terms." The theory upon which this action is brought is that by the terms of the lease under which the plaintiff held the property and which expired on the first day of May, 1908, she was entitled to a renewal thereof. She alleges in her complaint that for many years she had neglected to pay the rent reserved on the rent days as fixed by the lease, but had habitually made such payments a few days after they fell due, and that the defendant always accepted the rent so paid without question or objection. She further alleges that it had been the defendant's custom to notify her some few days in advance of the rent days, but that the customary notice was omitted in the case of the payment due at the expiration of the term. The term expired May 1, 1908, and arbitrators had been appointed by both sides just prior to that date for the purpose of determining the rental for a new term of twenty-one years. On May 5, 1908, the defendant notified the plaintiff that by reason of her failure to pay the last installment, due on May 1st, on that day she had lost her right to a renewal of the lease. Upon receipt of this notification, she at once paid the installment. It is contended that payment on the day last mentioned was a condition precedent to the right of renewal, and that by reason of her failure to perform this condition she has lost such right. However this might be under ordinary circumstances, such a rule ought not to be applied to the case stated in the complaint. By reason of the long-established course of dealing between the parties, the landlord's attempt to enforce the condition in all its strictness falls fairly within the equitable doctrine of surprise and the plaintiff is entitled to relief. Upon this theory of the case it is unnecessary to rest upon the power of the court to relieve against forfeitures, and, considering that doctrine only, it might pos-

sibly be said that, if the right to a renewal never vested owing to the nonperformance of a condition precedent, then there was nothing to be forfeited. The case of People's Bank v. Mitchell, 73 N. Y. 406, cited by the defendant, is not in point. There the tenant had not paid the taxes when it commenced the action, and was consequently not entitled to relief. Here the rent had been paid before the action was commenced, although not on the precise day. It may be noted, too, that the covenant for renewal is upon condition that the tenant shall, "during the whole of the said term, well and faithfully keep" the covenants of the lease. The covenants of the lease require her to make all payments during the term upon the days fixed without fraud or delay. Her nonperformance with respect to the installments of rent during the term was waived, and the payment in question was not due during the term, but at its expiration. It may be questioned, therefore, whether the defendant landlord, seeking a strict enforcement of the condition, could in any event bring himself strictly within the terms of the contract. In the language of the covenant for renewal itself nothing is directly said as to time. If the foregoing views are correct, it follows that the complaint states a case for specific performance of the covenant to renew the lease, and it likewise follows that the defendant in the dispossess proceeding, the plaintiff here, must succeed in her defense in that proceeding, provided she can establish the case made out in this complaint.

The question to be decided now is whether this court can enjoin the prosecution of the dispossess proceeding pending the trial of this action. It can do so if it could, under like circumstances, enjoin an action of ejectment, otherwise not. Code Civ. Proc. § 2265. If the final judgment sought in the present action were merely an injunction against the prosecution of the summary proceeding, the action undoubtedly would not be well brought, since the defense could be availed of in that proceeding. But, being well brought as an action for specific performance, I do not think there is anything in the statutory provision just cited to prevent the granting of an injunction order. A court of equity will not ordinarily interfere with the prosecution of an action of ejectment because it will not ordinarily try titles. But there is no dispute as to the title here, and I think the whole controversy can be determined with propriety in this action, and this cannot be done in the summary proceeding because specific performance cannot there be decreed. None of the cases cited by the defendant is inconsistent with this conclusion. In Sherman v. Wright, 49 N. Y. 227, the contract of which specific performance was sought was held unenforceable, and, of course, the injunction was denied. In Armstrong v Cummings, 20 Hun, 313, an injunction was sought to restrain the issuance of a warrant in a summary proceeding. No other relief was asked, and the action was very naturally described as "an irregular attempt to review the rulings of the justice." So in Knox v. McDonald, 25 Hun, 268, the only relief sought was an injunction against the prosecution of the summary proceedings, and the same is true of Bliss v. Murray, 17 Civ. Proc. R. 64, 7 N. Y. Supp. 917, and Weber v. Rogers, 41 Misc. Rep. 662, 85 N. Y. Supp. 232. Douglas v. Cheese-

brough, 56 App. Div. 403, 67 N. Y. Supp. 755, was an action for specific performance, but, as it was held not to have been well brought, the injunction against the summary proceeding necessarily fell with it. In Natkins v. Wetterer, 76 App. Div. 93, 78 N. Y. Supp. 713, it was held that, if an accounting was necessary to determine whether there was any rent due under the lease, the Municipal Court had the power to take the account, and that the injunction ought consequently to be denied, and in Flanagan v. MacNutt (Sup.) 113 N. Y. Supp. 42, the equitable defenses had been pleaded in the summary proceeding, and the issue had been determined adversely to the plaintiff in the Supreme Court action. Instead of securing a stay by means of an undertaking on appeal, the plaintiff apparently sought to accomplish the same purpose by means of an injunction order while he relitigated the issues in the Supreme Court, and the order was naturally denied. On the other hand, I think the case of Siemon v. Schurck, 29 N. Y. 598, is a sufficient authority for the allowance of the injunction. See, also, Potter v. Potter, 59 App. Div. 140, 69 N. Y. Supp. 183. Noble v. McGurk, 16 Misc. Rep. 461, 39 N. Y. Supp. 921; Rodgers v. Earl, 5 Misc. Rep. 164, 24 N. Y. Supp. 913; Garrie v. Schmidt, 25 Misc. Rep. 754, 755, 55 N. Y. Supp. 703.

The plaintiff offers further security, and I think the motion should be granted, with $10 costs, upon condition that such further security be given as may be agreed upon by the parties; otherwise the amount to be fixed on settlement of the order. Settle order on notice.