(68 Misc. Rep. 438.)

### CARPENTER v. HAMMOND et al.

(Supreme Court, Trial Term, New York County.    July, 1910.)

1. INSANE PERSONS (§ 28*)—INQUISITION—LIABILITY FOR STENOGRAPHER'S FEE—"LITIGATION."

A proceeding to have one declared an incompetent is not a "litigation," in the ordinary sense of the term; and, in the absence of express contract for services of an unofficial stenographer in taking the testimony, the alleged incompetent is not liable therefor, except upon an implied contract.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 39–41; Dec. Dig. § 28.*

For other definitions, see Words and Phrases, vol. 5, pp. 4188, 4189.]

2. INSANE PERSONS (§ 28*)—INQUISITION—LIABILITY FOR STENOGRAPHER'S FEES.

Liability of an alleged incompetent for a copy of the unofficial stenographer's minutes, furnished to commissioners in lunacy, of the proceedings at an inquest to have him declared an incompetent, is not to be implied from his failure to protest or object to the services of the stenographer at the hearing, nor because he ordered and paid for a copy of the minutes for his own use.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 39–41; Dec. Dig. § 28.*]

3. INSANE PERSONS (§ 28*)—INQUISITION—LIABILITY FOR STENOGRAPHER'S FEES.

Where a stenographer, rendering services at an inquisition to declare defendant an incompetent, does not appear to have relied on anything said or done by defendant or his attorney, and it did not appear that the stenographer's position was affected by any act of defendant or his attorney, defendant, who could not have prevented employment of a stenographer by petitioner in the proceedings, cannot be held liable for the services.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 39–41; Dec. Dig. § 28.*]

Action by John H. Carpenter against Thomas F. Hammond and others.    Directed verdict for defendants.

P. S. Russell, for plaintiff.
N. D. Becker, for defendants.

GREENBAUM, J.   As no express contract was made by or on behalf of defendant for the services of plaintiff's assignor as unofficial stenographer in the proceedings instituted against defendant to have him declared an incompetent, a recovery by plaintiff may only be upheld in this case upon the theory of an implied contract.   The defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant · could not have prevented the employment of a stenographer by the petitioner in the proceedings instituted against him, and his acquiescence to the extent of incurring an obligation to pay for the copy of the stenographer's minutes furnished to the commissioners may scarcely be inferred from the fact that he did not protest or object to the services of the stenographer at the hearings or that he ordered a copy of the minutes for his own use and paid for them. This is unlike the cases where the circumstances show that the services of a stenographer were expressly secured and accepted by the parties to an action or proceeding. Bottome v. Neeley, 124 App. Div. 600, 603, 109 N. Y. Supp. 120; Bottome v. Alberst, 47 Misc. Rep. 665, 94 N. Y. Supp. 348.

The proceeding in which the stenographer in this case rendered his services was unlike 'an ordinary action or proceeding between parties, and is not to be regarded as a "litigation in the ordinary sense of the term between parties." Matter of Hammond, 125 App. Div. 865, 110 N. Y. Supp. 643. The Code (section 2333) provides that the petitioner in proceedings looking to the appointment of a committee of an alleged incompetent "must pay the compensation of the commissioners, sheriff and jurors." It does not appear that the plaintiff's assignor, in rendering his services, relied upon anything said or done by defendant or his attorney, or that his position in any wise was affected by any act of the defendant or his attorney. Where the acceptance of the service "has in no way influenced the conduct of the other party with reference to the work itself, a contract will not be implied." 15 Am. & Eng. Ency. of Law, 1082. A verdict must be directed in favor of the defendants.

Verdict for defendants.