Robert C. Stephens, Landlord, *v.* Mary L. Carney, Tenant.

City Court of Albany, February 13, 1947.

*Herman P. Greene* for landlord.

*John H. Benson* for tenant.

De Stefano, J. This is a summary proceeding commenced in October, 1946, by the landlord to obtain possession of real property for his own use.

Several stays of execution of the warrant were granted to the tenant by the court, the final one terminating on February 1, 1947.

Tenant now moves, by an order to show cause granted January 30, 1947, returnable January 31, 1947, for a further stay on the ground that she is a registered nurse and has living with her four elderly ladies ranging in age from sixty-eight to eighty-six years. Attached to the moving papers are certificates by reputable physicians showing that two of said elderly women are critically ill and, further, that it would be dangerous to move them from said premises at this time. The tenant also shows that she has purchased premises No. 623 Washington Avenue in this city on the 29th day of July, 1946, and expects to secure possession of same on March 1, 1947. The landlord refuses to agree to a further stay on the ground that the tenant has had sufficient time to vacate the premises, and, further, that this court is without jurisdiction because of subdivision 4 of section 1435 of the Civil Practice Act, which provides that a stay may not be granted for more than sixty days, already expired.

While this court has no equitable jurisdiction generally, subdivision 2 of section 3 of the Albany City Court Act (L. 1931, ch. 414) provides that a tenant may set up an equitable defense in summary proceedings.

Here the tenant does not remain in possession voluntarily but desires to gain possession of her own premises by March 1, 1947.

Surely the landlord could not obtain possession of the premises if same were quarantined by the public authorities or, due to any stress of circumstances, involved peril to life. (*Herter v. Mullen,* 159 N. Y. 28, 34; *Weber v. Rogers,* 41 Misc. 662.)

The Court of Appeals, in *Matter of Mazzarella v. Kern* (285 N. Y. 85, 92) holds: "Where the law requires that for the exercise of a privilege or right a notice must be given or an act performed within a specified time, we have said that the requirement ' is not absolute and unyielding.'"

I have, therefore, decided to stay the execution of the final order in this proceeding until March 1, 1947, as requested by the tenant.