In the Matter of THOMAS J. KOSKY, Petitioner, against JOSEPH A. McNAMARA et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, December 7, 1948.

*William G. Fullen* and *David E. Winer* for petitioner.

*John P. McGrath, Corporation Counsel* (*Robert E. Hugh* of counsel), for respondents.

LEVY, J. Section 2 of chapter 927 of the Laws of 1939, commonly known as the Wicks Law, provides in part that every city and public agency " unifying, purchasing, acquiring and owning and operating a transit facility shall continue to employ all employees of any corporation theretofore owning or operating such transit facility * * * who shall have been in the employ of said corporation for one year or more immediately prior to such acquisition ".

The present petitioner, suing on his own behalf and on behalf of forty-four others, bases his application upon the contention that the city of New York did not acquire the Isle Transportation Corporation earlier than December 4, 1947. Assuming that petitioner is correct in this claim, it does not avail him or those upon whose behalf he sues, since neither he nor they were in the employ of Isle Transportation Corporation for one year or more " immediately prior to " December 4, 1947. The resolution of the board of estimate adopted February 20, 1947, expressly cancelled and terminated the consent and franchise of Isle Transportation Corporation and directed the board of transportation to operate the bus routes theretofore operated by the Isle Transportation Corporation and to negotiate for the acquisition of the buses and other property of Isle Transportation Corporation. It may not be successfully urged that the operation of the buses after February 22, 1947, until the acquisition of title was for the account of Isle Transportation Corporation, since the latter's franchise had definitely been terminated on February 22d and the board of transportation could not legally operate transit facilities as trustee for a privately owned corporation possessing no franchise. Since the petitioner and those similarly situated had not been employed by Isle Transportation Corporation for one year " immediately prior to " December 4, 1947, the present application must be denied even if December 4, 1947, is accepted as the correct date of acquisition within the meaning of the Wicks Law.

It is true that those employees of Isle Transportation Corporation who have been continued in the city's employ were likewise not in the employ of Isle Transportation Corporation

for one year or more immediately prior to December 4, 1947. This would, however, not aid petitioner or those similarly situated. Since the gap between the termination of the franchise of Isle Transportation Corporation and December 4, 1947, made it impossible for any former employee of Isle Transportation Corporation to have been in its employ for one year or more immediately prior to December 4, 1947, the respondents were justified in giving the Wicks Law a liberal construction, which the Court of Appeals has indicated that act should receive (*Mazzarella* v. *Kern,* 285 N. Y. 85). To refuse to continue the employment of each and every former employee of Isle Transportation Corporation would obviously have been contrary to the intent and spirit of the Wicks Law. On the other hand, to have continued the employment of former employees of Isle Transportation Corporation who had been in the latter's employ for less than one year would likewise have been contrary to the purpose and spirit of the act. In the circumstances the respondents were amply justified in taking the position that for the purposes of the Wicks law the transit facilities had been acquired by the city in February, 1947, when the public authorities commenced to operate the transit facilities, rather than in December, 1947, when title to them was taken by the city.

For the reasons indicated, the motion is denied.