■ In the Matter of MORTIMER ROCKOWER, Respondent, against STATE LIQUOR AUTHORITY, Appellant.— In a proceeding to review a determination of the State Liquor Authority which disapproved an application for permission to move a package liquor store to another location, the Authority appeals from an order annulling the determination and directing it to approve the said application. Order affirmed, with $10 costs and disbursements. Respondent, a young college graduate, lately out of the armed services, purchased the business, which proved a poor investment by appellant's own standards (New York State Liq. Auth. Bulletin 279, Series 1955). The neighborhood in which the business is located has continued to deteriorate until it appears clear that respondent cannot profitably continue. He has been faced with the choice of abandoning his investment or of moving his business. He has made five applications to appellant, previous to this one, for leave to move his store to various other neighborhoods, and though two such applications were approved by the New York City Alcoholic Beverage Control Board all have been denied by appellant for reasons we will assume were adequate. On his present application, also denied, appellant states as its basis for such denial, that the area selected is undergoing change by reason of housing development and that similar stores in the area may require relocation because of demolition of existing buildings. It appears that the store to which respondent desires to move is in a block of newly-erected buildings consisting wholly of stores with no residences. It is pointed out by the Special Term that there are 5,000 families in the co-operative apartments surrounding the premises. The nearest present liquor store on the same street is 2,098 feet from the chosen site, while the nearest similar store in the entire neighborhood is some 1,500 feet from the site. Local residents, therefore, who would patronize such store are presently required to go some 7 or 10 blocks. The reason stated by appellant for the denial of the application for relocation, i.e., that someone else in the future may make application for relocation which may impinge on the territory respondent seeks, is, in our opinion, arbitrary, capricious and preferential. Wenzel, Acting P. J., Hallinan and Kleinfeld, JJ., concur; Beldock and Ughetta, JJ., dissent and vote to reverse the order and to confirm the deter-

mination of the State Liquor Authority, with the following memorandum: Appellant denied respondent's application for removal on two grounds: (1) that, because the area to which the business is sought to be removed is undergoing change, it is not reasonably possible to determine presently whether additional stores should be permitted to remove thereto, and (2) respondent has not made a bona fide attempt to serve public convenience and advantage at his present location because, beginning two months after he purchased his present store, he filed six applications to remove within a period of about two years. Appellant states that its duty is to prevent trafficking in liquor licenses and, when the purpose of the purchase is to remove the business outside its present area, without regard for public convenience and advantage, the purchase constitutes such trafficking, which is contrary to public advantage. Since the approval of a transfer of a liquor license to other premises is discretionary with appellant (Alcoholic Beverage Control Law, § 111), the only question before the court is whether the record discloses circumstances which leave no possible scope for the exercise of discretion by appellant in the manner of which respondent complains (*Matter of Stracquadanio* v. *Department of Health,* 285 N. Y. 92, 96), respondent having the burden of proof to show that there was no such possible scope for the exercise of discretion by appellant in the way that it did. (*Matter of Gambino* v. *State Liq. Auth.,* 4 A D 2d 37.) In our opinion, respondent did not sustain that burden. Where the exercise of discretion is expressly given by statute, as in the case at bar, a court may not substitute its judgment for that of appellant. (*Matter of Gambino* v. *State Liq. Auth., supra*; *Matter of Glintenkamp* v. *O'Connell,* 296 N. Y. 806, affg. 271 App. Div. 795.)